UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

MICHAEL A. DAVIS,

                Debtor.
_____/

STATE  OF  FLORIDA  DEPARTMENT  OF
REVENUE,

                Appellant,
v.                          Case No.  8:10-cv-2216-T-33
                          Bankr. No. 8:08-bk-4348-MGW

MICHAEL A. DAVIS,
                Appellee.
_____/

## ORDER

This matter comes before the Court pursuant to Appellee's Motion to Strike Initial Brief of Appellant (Doc. # 9), which was filed on November 1, 2010.  Appellant filed a Response in Opposition to the Motion to Strike (Doc. # 13), on November 15, 2010.  For the reasons that follow, the Court denies the motion to strike.

## I.   Introduction

This is an appeal of an order issued by the bankruptcy court that, among other things, enjoins the parties in a state court proceeding from enforcing collection of child support obligations not discharged through the bankruptcy proceedings.  The present order does not address the merits of the underlying bankruptcy appeal.  Rather, it resolves Appellee's motion to strike

Appellant's initial brief.  Appellee argues that the Court should strike Appellant's initial brief because the issue presented therein was not articulated in Appellant's Rule 8006, Fed. R. Bankr. P., statement of issues on appeal or otherwise inferrable therefrom.

## II.  <u>Analysis</u>

Rule 8006, Fed. R. Bankr. P., governs the designation issues on appeal in bankruptcy cases, and states in pertinent part: "Within 14 days after filing the notice of appeal as provided by Rule 8001(a), . . .  the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal *and a statement of the issues to be presented*." (emphasis added).

The Eleventh Circuit has evaluated the requirements of Rule 8006, and has instructed: "An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." <u>Snap-On Tools v. Freeman</u>, 956 F.2d 252, 255 (11th Cir. 1992).

In this case, the Court must compare Appellant's Rule 8006, statement of issues on appeal (Doc. # 1-4) with Appellant's initial brief (Doc. # 7), to determine if the issues raised in the initial brief were identified in or are inferable from Appellant's Rule 8006 Statement.

### A.   <u>Rule 8006 Statement</u>

Appellant identified the following issues for appeal in its

Rule 8006 Statement:

I.   Whether [the] bankruptcy court erred in entering an
     injunction where the purpose of the injunction is
     to interfere with the exclusive continuing
     jurisdiction of a state domestic relations court.
II.  Whether the bankruptcy court order confirming
     debtor's Chapter 11 plan can be read to alter a
     domestic support obligation in light of the
     domestic relations exception to federal
     jurisdiction?
III. Whether conflicting terms of a confirmed Chapter 11
     plan can support res judicata against a creditor
     holding a nondischargeable domestic relation
     obligation?

(Doc. # 1-4 at 2).

### B.   <u>Statement of Issue on Appeal</u>

Appellant identified the following as its only issue on appeal

in its initial brief:

The Bankruptcy Court's injunction is improper in that its
effect is to enjoin domestic relation proceedings in a
state court and does not meet one of the three, narrow,
statutory exceptions which allow a federal court to
enjoin state court proceedings under 28 U.S.C. § 2283,
The Anti-Injunction Act.

(Doc. # 7 at 2).

### C.   <u>Discussion</u>

The issues identified in Appellant's Rule 8006 Statement and

initial brief are not identical; however, employing a

straightforward reading of Appellant's Rule 8006 Statement and

initial brief, the Court determines that it would be inappropriate

to strike Appellant's initial brief.   Analysis of the Rule 8006

-3-

Statement and the initial brief reveals that the issue framed in the initial brief was first identified, at least by inference, in Appellant's Rule 8006 Statement.  Both the Rule 8006 Statement and the statements of issue on appeal reflect Appellant's position that the bankruptcy court erred in entering the injunction that is subject to the present appeal.  In addition, both statements articulate Appellant's position that the injunction in question interferes with the state court's jurisdiction over domestic relations proceedings.

Arguing that Appellant's initial brief should be stricken, Appellee points out that Appellant's brief mentions the Anti-Injunction Act, which is not cited in Appellant's Rule 8006 Statement.[1]  Although Appellee is correct in noting that Appellant did not mention the Anti-Injunction Act by name in its Rule 8006 Statement, the motion to strike is still due to be denied. Appellant's reference to the Anti-Injunction Act is reasonably inferable from its assertion in the Rule 8006 Statement that the injunction "interfere[s] with the exclusive continuing jurisdiction of a state court domestic relations court."  Because the federal courts are prohibited (by the Anti-Injunction Act) from enjoining state court proceedings, except under limited circumstances, the

---

[1] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Anti-Injunction Act issue is fairly inferable from the arguments raised in the Rule 8006 Statement.

In the context of a motion to strike an initial brief in a bankruptcy appeal, the court in <u>Hydratech Utilities, Inc. v. Keathley</u>, discussed whether issues raised in an initial brief were "fairly inferable" from the Rule 8006 Statement." Case No. 2:08-cv-331-FtM-UA, 2009 U.S. Dist. LEXIS 19457, at *5 (M.D. Fla. Feb. 25, 2009).  There, the court explained, "to infer means to derive by reasoning or implication, to conclude from facts or from factual reasoning, or to reason from one thing to another." <u>Id.</u> (internal citations omitted).  The <u>Hydratech</u> court granted the motion to strike because the issue raised in the appellant's Rule 8006 Statement was whether the bankruptcy court erred by dismissing the case without first holding a hearing, and the issues raised in the initial brief (whether the bankruptcy court used the wrong legal standard in dismissing the case and relied on erroneous facts) were too far afield from the issue identified in the Rule 8006 Statement.  <u>Id.</u> at *6.  The court explained its reasoning as follows: "Although these arguments all relate in a general sense to the dismissal of the case, they are distinct and separate issues." <u>Id.</u>

In the present case, Appellant's Anti-Injunction Act issue is not separate and distinct from the contentions asserted in its Rule 8006 Statement.  Rather, Appellant has appropriately narrowed and

refined its contentions, which was initially raised in its Rule 8006 Statement, albeit by logical inference. Accordingly, the Court denies the motion to strike. Furthermore, because the Court has denied the motion to strike, Appellee is directed to file his brief within 14 days as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Appellee's Motion to Strike Initial Brief of Appellant (Doc. # 9) is **DENIED.**

(2) Appellee is directed to file a brief within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of March 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: all counsel of record